Edna **CHAMBERS**, Plaintiff–Appellant,

v.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,** Defendant–Appellee.

No. 03–1351.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2004.

**826**

Before DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

PER CURIAM.

The plaintiff, Edna Chambers, appeals the district court's order granting summary judgment to the defendant, Prudential Insurance Company, in this action under 29 U.S.C. §§ 1001 *et seq.*, the Employee Retirement Income Security Act of 1974 (ERISA).

While employed as a "paint line operator" for MAC Valves, Inc., the plaintiff became ill in July 2000, suffering from a serious heart condition that ultimately resulted in open-heart surgery in January 2001 involving the grafting of a vein from her leg. She initially received short-term disability benefits from another company and then filed for long-term benefits from the defendant in February 2001. Prudential paid the plaintiff long-term benefits retroactively to the date of her surgery in January 2001, but terminated the benefits effective May 2, 2001, finding that the medical evidence in her record did not "reflect a functional impairment" that would prevent her from working at her "own occupation" based on the results of an office visit to her physician on that date. The insurance company later extended benefits through June 30, 2001, after receiving updated reports from her doctors. Those reports indicated that the plaintiff occasionally experienced shortness of breath caused by exertion, that her cardiac

examination was normal, and that her principal complaint was mild edema in her left leg, resulting from removal of the vein that was used for repair during open-heart surgery. Prudential set out in a letter to Chambers a summary of medical reports indicating that her "coronary artery disease and chronic obstructive pulmonary disease [COPD] were reported to be stable as of June 25, 2001," that her "shortness of breath . . . would [not] impair [her] from performing sedentary work," and that her edema could be controlled "by elevating [her] leg when sitting." The company notified the plaintiff that she could appeal the termination decision and invited her to supply additional medical evidence, but she filed this action instead.

On appeal, the plaintiff contends that the district court erred when it found that "[n]one of the doctors' records submitted by Plaintiff indicated that Plaintiff could not work" and that "Plaintiff failed to submit any documentation that she was unable to return to work." However, this claim was based on an otherwise unexplained entry on a U.S. Department of Labor form indicating that as the result of a "chronic lifetime condition" that caused "lifetime incapacity," the plaintiff was to undertake "no work." The form was signed by the plaintiff's internist, but it was dated May 3, 2001, by the plaintiff and not by the doctor. In fact, the same physician reported a month later that the plaintiff's cardiac examination was "normal" and a few weeks later that she was "doing well" and that both her coronary artery disease and her COPD had stabilized. The report from her cardiologist during the same time period also reflected that her cardiac condition was normal. Neither report indicated that the plaintiff could not return to work.

As the district court noted, the ERISA plan administrator denied further benefits

based on the plaintiff's failure to submit "medical evidence of an impairment which prevented Plaintiff from performing the duties of her sedentary job." Both parties agree that this conclusion is subject to review under an "arbitrary and capricious" standard, which is the standard utilized by the district court. Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion dated October 31, 2002, and its order denying the plaintiff's motion to reconsider, dated February 13, 2003.